NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted December 11, 2014
Decided December 12, 2014

**Before**

DIANE P. WOOD, *Chief Judge*

JOEL M. FLAUM, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

No. 14-1423

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. |
| *v.* | No. 13 CR 181-1 |
| DEMETRIUS HARRIS, *Defendant-Appellant*. | Thomas M. Durkin, *Judge*. |

**O R D E R**

Demetrius Harris sold a total of 281 grams of heroin to a confidential informant over the course of seven occasions. He pleaded guilty to distributing 100 or more grams of a mixture containing heroin. S*ee* 21 U.S.C. §§ 841(a)(1), (b)(1)(B)(i). Prior drug convictions made him a career offender, *see* U.S.S.G. § 4B1.1(a), and the district court sentenced him below the guidelines range to 204 months' imprisonment. Harris filed a notice of appeal, but his appointed lawyer asserts that the appeal is frivolous and seeks to withdraw. *See Anders v. California*, 386 U.S. 738, 744 (1967). Harris has not accepted our invitation to respond to counsel's motion. *See* CIR. R. 51(b). Counsel has submitted a brief that explains the nature of the case and addresses the issues that an appeal of this kind might be expected to involve. Because counsel's analysis appears to be thorough, we

limit our review to the subjects that counsel has discussed. *See United States v. Bey*, 748 F.3d 774, 776 (7th Cir. 2014); *United States v. Wagner*, 103 F.3d 551, 553 (7th Cir. 1996).

Counsel tells us that Harris does not wish to challenge his guilty plea and thus appropriately forgoes discussing the voluntariness of the plea or the adequacy of the plea colloquy. *See United States v. Konczak*, 683 F.3d 348, 349 (7th Cir. 2012); *United States v. Knox*, 287 F.3d 667, 670–71 (7th Cir. 2002).

Counsel next considers whether Harris could challenge his designation as a career offender, *see* U.S.S.G. § 4B1.1, but properly concludes that such a challenge would be frivolous. Harris already had been convicted of two felony controlled-substance offenses (delivery of .2 grams of heroin in 2000, 720 ILCS § 570/401(d) (2000), and delivery of 2 grams of crack cocaine in 2003, *id.* § 570/401(c)(2) (2002)), as well as aggravated fleeing in 2012, a crime of violence, *see United States v. Smith*, 721 F.3d 904, 906 (7th Cir.), *cert. denied*, 134 S. Ct. 660 (2013); *Welch v. United States*, 604 F.3d 408 (7th Cir. 2010).

Counsel also considers whether Harris could argue that his 204-month sentence (below the 262–327 month calculated range) is unreasonable and correctly concludes that such a challenge would be frivolous. A below-guidelines sentence is presumptively reasonable. *Rita v. United States*, 551 U.S. 338, 347 (2007); *United States v. Martinez*, 650 F.3d 667, 671 (7th Cir. 2011). Counsel has not identified a reason to disturb that presumption, nor can we. The court considered the relevant 18 U.S.C. § 3553(a) factors, highlighting Harris's history of "continuous criminal conduct," *see id.* § 3553(a)(1), and the need both for specific deterrence because of Harris's long criminal past and for general deterrence because of the prevalence of drug dealing in his community, *see id.* § 3553(a)(2)(B).

Counsel's motion to withdraw is **GRANTED**, and the appeal is **DISMISSED**.